UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| **CANADIAN SOLAR (USA) INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and CHRIS MAGNUS, in his official capacity as Commissioner of United States Customs and Border Protection,**<br><br>**Defendants.** | **Court No. 22-00295** |

**COMPLAINT**

Plaintiff Canadian Solar (USA) Inc. ("Canadian Solar"), by and through counsel, brings this Complaint against the United States, United States Customs and Border Protection ("CBP"), and Commissioner Chris Magnus (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

1.   Canadian Solar brings this action to challenge the lawfulness of excess safeguard duties collected by Defendants on imports of crystalline silicon photovoltaic ("CSPV") solar modules by Canadian Solar, by reason of Presidential Proclamation 10101 of October 10, 2020, and to seek an order for refunds of unlawfully collected duties. *Proclamation 10101, To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("Proclamation 10101"). The initial collection of these safeguard duties was contrary to law, and CBP should refund the duties to Canadian Solar consistent with

1

this Court's recent decision and judgment in *Solar Energy Industries Ass'n v. United* States ("*SEIA*"), 553 F. Supp. 3d 1322 (Ct. Int'l Trade 2021), appeal docketed, No. 2022-1392 (Fed. Cir. Jan. 24, 2022).  *See* Exhibit A, *SEIA* Opinion & Judgment.

2. At issue are certain safeguard duties initially imposed on imports of CSPV modules on January 23, 2018 for an initial four-year period under Section 203(a)(3) of the Trade Act of 1974 ("Trade Act").  *Proclamation 9693, To Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products) and for Other Purposes*, 83 Fed. Reg. 3541 (Jan. 25, 2018) ("Proclamation 9693").  Proclamation 9693 established a tariff on imports of CSPV modules of 30-percent *ad valorem* in the first year that was to be reduced over each consecutive year, with tariffs on entries during the period February 7, 2021 through February 6, 2022 established at 15 percent.  *Id.* at 3548.  On June 13, 2019, bifacial solar modules were excluded from these tariffs.  *See Exclusion of Particular Products From the Solar Products Safeguard Measure*, 84 Fed. Reg. 27,684, 27,685 (USTR Jun. 13, 2019).

3. In Proclamation 10101, President Trump invoked Section 204(b)(1)(B) of the Trade Act to withdraw the exclusion of bifacial solar modules from application of the safeguard tariff and increase the safeguard tariff on CSPV modules from 15% to 18% in the fourth year of the safeguard measure.  *Id.* at 65,640-42.  In *SEIA*, Proclamation 10101 was successfully challenged before the U.S. Court of International Trade ("CIT") by the Solar Energy Industries Association ("SEIA") and several solar industry plaintiffs, including importers of the subject products.  On November 16, 2021, the CIT issued an opinion and order declaring Proclamation 10101 "null and void."  *SEIA v. United* States, 553 F. Supp. 3d 1322 (Ct. Int'l Trade 2021), appeal docketed, No. 2022-1392 (Fed. Cir. Jan. 24, 2022).  Specifically, the CIT held that, by interpreting

2

"modification" to permit the expansion or upward adjustment of safeguard measures, Proclamation 10101 "clearly misconstrues the meaning of the statute." *Id*. at 1340.

4. Because "Section 204(b)(1)(B) {of the Trade Act} permits only trade-liberalizing modifications to existing safeguard measures," the CIT concluded that Proclamation 10101's "withdrawal of the exclusion of bifacial solar panels and increase of the safeguard duties on CSPV modules constituted both a clear misconstruction of the statute and action outside the President's delegated authority{.}" *Id*. (citing *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985)).  The CIT entered judgment in favor of the *SEIA* plaintiffs, and ordered that "Customs and Border Protection shall refund with interest all safeguard duties heretofore collected from Plaintiffs under Proclamation 10101." Judgment, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Nov. 16, 2021), ECF. No. 44 (underline in original).

5. Acting pursuant to the now null-and-void Proclamation 10101, CBP had required Canadian Solar to pay – (A) a 20% safeguard tariff on imports of bifacial CSPV modules effective October 25, 2020 through February 6, 2021, and (B) a 18% safeguard tariff on all imports of CSPV modules (including both bifacial and monofacial modules) effective February 7, 2021.  If Proclamation 10101 had not been in force during these periods of time, (A) bifacial module imports would have been assessed no safeguard tariff from October 25, 2020 through November 16, 2021, and (B) monofacial module imports would have been assessed a 15% safeguard tariff, not a 18% safeguard tariff, from February 7, 2021 through November 16, 2021.

6. In order to effectuate the CIT's judgment in *SEIA v. United States*, CBP issued Cargo Systems Messaging Service ("CSMS") # 50263965 on December 2, 2021.  CSMS # 50263965 provides that the exclusion of bifacial solar panels from the safeguard measures had been reinstated, and that the "functionality for the acceptance of solar cells (over quota only) and

3

modules at the 15 percent duty rate . . . was available in the Automated Commercial Environment (ACE) as of 7 am eastern standard time, November 16, 2021." Exhibit B, CSMS #50263965, "Guidance: Section 201 Bifacial Solar Panels Court Order on Presidential Proclamation 10101" (Dec. 2, 2021). On December 7, 2021, the CIT granted Defendants' motion to suspend liquidation of all unliquidated entries subject to the now null-and-void Proclamation 10101. Order, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Dec. 7, 2021), ECF No. 47.

7. The unlawful safeguard duties collected by CBP between October 25, 2020 and November 16, 2021 are substantial and impose a continuing financial burden on Canadian Solar as the importer of record who paid these duties and incurred other attendant costs.

8. Canadian Solar seeks a declaration that Proclamation 10101 violates the Trade Act of 1974, as applied to Canadian Solar, and an order that CBP refund, with interest, all unlawfully increased safeguard duties collected under Proclamation 10101.

**PARTIES**

9. Plaintiff Canadian Solar (USA) Inc. ("Canadian Solar") is a U.S. importer of solar products, including bifacial and monofacial solar modules, and is headquartered in Walnut Creek, California. Canadian Solar is a member of SEIA, and was a member of SEIA when it filed the complaint in *SEIA v. United States* on December 29, 2020. *See* Complaint, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Dec. 29, 2020), ECF No. 2.

10. Defendant United States of America is the federal government of the United States of America.

11. Defendant United States Customs and Border Protection is an executive agency of the U.S. Government and a component of the Department of Homeland Security. It is headquartered at 1300 Pennsylvania Avenue, NW, Washington, DC 20229.

12. Defendant Chris Magnus is the CBP Commissioner. He is sued in his official capacity.

## JURISDICTION

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B)-(D).

14. Section 1581(i) provides, as relevant, that "the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for * * * (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; (C) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or (D) administration and enforcement with respect to the matters referred to in paragraphs (A)-(C) of this subsection and subsections (a)-(h) of this section." 28 U.S.C. § 1581(i)(1)(B)-(D).

15. The safeguard measures including the tariff-rate quota on solar cells and the additional tariff imposed on solar modules, including those ordered to be re-imposed on bifacial solar modules under Proclamation 10101, were imposed pursuant to Section 201 of the Trade Act. The Trade Act is a law "providing for * * * tariffs, duties, fees," and "quantitative restrictions" on "the importation of merchandise for reasons other than the protection of the public health or safety," as well as for "administration and enforcement with respect to" those tariffs, duties, fees, and quantitative restrictions. 28 U.S.C. § 1581(i)(1)(B)-(D). This action thus arises out of a law described in 28 U.S.C. § 1581(i)(1)(B) and (C).

16. Canadian Solar's claims also arise out of "administration and enforcement with respect to matters referred to in subparagraphs (A) through (C)" of 28 U.S.C. § 1581(i)(1). This Court therefore has jurisdiction under 28 U.S.C. § 1581(i)(1)(D). *See Corus Grp. PLC.* v. *Int'l*

5

*Trade Comm'n.*, 352 F.3d 1351 (Fed. Cir. 2003) (concluding that section 1581(i)(2) grants jurisdiction over an analogous challenge arising out of actions taken pursuant to section 201 of the Trade Act).

17. Canadian Solar paid these unlawful safeguard duties in accordance with Defendants' enforcement of Proclamation 10101. Proclamation 10101 was in force at the time of importation, but no longer is in force.

18. Canadian Solar seeks a declaration that Defendants' acts and omissions are unlawful as applied to Canadian Solar, and an order that Defendants must refund to Canadian Solar the excess safeguard duties paid by Canadian Solar during the period when the now null-and-void Proclamation 10101 was in effect.

## STANDING

19. Canadian Solar has standing to challenge Proclamation 10101 and the resulting safeguard tariffs because Canadian Solar is a U.S. importer of CSPV modules, including bifacial modules, and is the legal person responsible for the payment of duties on its imports. Additional safeguard duties imposed by Proclamation 10101 and collected by CBP adversely affected and aggrieved Canadian Solar, including by agency action within the meaning of the APA, 5 U.S.C. § 702, because Canadian Solar was required to pay these safeguard duties which were subsequently determined to be unlawful by this Court. Canadian Solar's injuries are directly traceable to the declared unlawful Proclamation 10101, and they would be redressed by a conclusive decision declaring that Proclamation 10101 is unlawful as applied to Canadian Solar and ordering Defendants to pay refunds of all of the unlawful excess duties paid by Canadian Solar.

6

**TIMELINESS**

20. An action under 28 U.S.C. § 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

21. The claims asserted by Canadian Solar accrued at the earliest on October 16, 2020, the date on which Proclamation 10101 was published in the *Federal Register*. This action is therefore timely filed.

**BACKGROUND**

**A.   Issuance of the Solar Safeguard Measure**

22. On January 23, 2018, President Trump issued Presidential Proclamation 9693, which imposed a safeguard measure under Section 203(a)(3) of the Trade Act on certain CSPV products. *Proclamation 9693, To Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products) and for Other Purposes*, 83 Fed. Reg. 3541 (Jan. 25, 2018) ("Proclamation 9693"). Proclamation 9693 imposed a tariff on CSPV modules for a four-year period beginning on February 7, 2018. *Id*. Relevant here, the President imposed a tariff-rate quota on CSPV cells and a tariff on CSPV modules at the following rates:

>If entered during the period from
>February 7, 2018 through February 6, 2019 ………. 30%
>
>If entered during the period from
>February 7, 2019 through February 6, 2020 ………. 25%
>
>If entered during the period from
>February 7, 2020 through February 6, 2021 ………. 20%
>
>If entered during the period from
>February 7, 2021 through February 6, 2022 ………. 15%

*Id.* at 3548.

### B.  Exclusion of Bifacial CSPV Modules

23. Proclamation 9693 also authorized the U.S. Trade Representative ("USTR") to establish a process to exclude certain products from the solar safeguard measure. *Id.* at 3543-44. On February 14, 2018, USTR published a notice detailing the procedures to request a product exclusion. *Procedures to Consider Additional Requests for Exclusion of Particular Products from the Solar Products Safeguard Measure*, 83 Fed. Reg. 6670 (USTR Feb. 14, 2018). USTR stated that it would "evaluate each request on a case-by-case basis," and "grant only those exclusions that do not undermine the objectives of the safeguard measures." *Id.* at 6671. The USTR notice establishing the exclusion process did not include any reference to the possibility that a granted exclusion could be modified or withdrawn at a later date.

24. Following receipt of safeguard exclusion requests from various parties, USTR published a notice on June 13, 2019, granting a prospective exclusion from the safeguard action for "bifacial solar panels that absorb light and generate electricity on each side of the panel and that consist of only bifacial solar cells that absorb light and generate electricity on each side of the cells." *Exclusion of Particular Products From the Solar Products Safeguard Measure*, 84 Fed. Reg. 27,684, 27,685 (USTR Jun. 13, 2019). USTR stated that it had evaluated the factors outlined in the February 14, 2018 notice, including the requirement that the exclusion not undermine the objectives of the safeguard measures. *See id.* at 27,684. USTR's notice did not include any indication that the granted exclusion might be re-visited, modified, or withdrawn in the future.

### C.  USTR's Attempts to Withdraw the Bifacial CSPV Module Exclusion and Resulting Litigation

25. USTR attempted to withdraw the exclusion of bifacial modules on October 9, 2019 and again on April 17, 2020. *Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure*, 84 Fed. Reg. 54,244 (USTR Oct. 9, 2019) ("First Withdrawal");

8

*Determination on the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products*, 85 Fed. Reg. 21,497 (USTR Apr. 17, 2020) ("Second Withdrawal").

26. Both attempted withdrawals were challenged before the CIT in *Invenergy Renewables LLC v. United States*, with consumers, purchasers, and importers of utility-grade bifacial solar panels demonstrating that "the importation of bifacial solar panels does not harm domestic producers because domestic producers do not produce utility-scale bifacial solar panels; {and} thus oppos{ing} safeguard duties that they contend increase the cost of these bifacial solar panels." *Invenergy Renewables LLC v. United States*, 422 F. Supp. 3d 1255, 1264 (Ct. Int'l Trade 2019) ("*Invenergy I*"). The CIT ultimately enjoined both withdrawals. *See id.* at 1294; *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1356-57 (Ct. Int'l Trade 2020) ("*Invenergy IV*").

27. The CIT held that the First Withdrawal violated the Administrative Procedure Act ("APA") and vacated that notice on October 15, 2020. *Invenergy IV* at 1340. Moreover, the CIT concluded that the Second Withdrawal also violated the APA and "exceeded both the authority granted to the President in Section 203 and the authority delegated by the President to USTR in *Proclamation 9693*." *Invenergy Renewables LLC v. United States*, 552 F. Supp. 3d 1382, 1398 (Ct. Int'l Trade 2021). The CIT vacated the Second Withdrawal on November 17, 2021. *Id.* The CIT's judgment holding the First Withdrawal and Second Withdrawal unlawful was not appealed.

### D. Presidential Proclamation 10101

28. Following the CIT's expansion of its preliminary injunction to include the *Second Withdrawal* in *Invenergy IV*, President Trump issued Proclamation 10101 on October 16, 2020. 85 Fed. Reg. 65,639. Proclamation 10101 again withdrew the bifacial module exclusion, thereby re-imposing safeguard duties on bifacial modules. Proclamation 10101 also prospectively

9

increased the safeguard duties on CSPV modules declared under Proclamation 9693 from 15 percent to 18 percent in the fourth year of the safeguard measure (i.e., February 7, 2021 through February 6, 2022). 85 Fed. Reg. at 65,640-42. The stated rationale for increasing the safeguard duties in the fourth year of the safeguard measure was that the bifacial module exclusion had supposedly impaired the remedial effect on the original safeguard measure. Proclamation 10101 had an effective date of October 25, 2020. *See id.* at 65,641.

29.  President Trump cited Section 204(b)(1)(B) of the Trade Act, 19 U.S.C. § 2254(b)(1)(B), as authority for the action taken in Proclamation 10101. Section 204(b)(1)(B) allows the President to reduce, modify, or terminate Section 201 safeguard measures if he "determines after a majority of the representatives of the domestic industry submits to the President a petition requesting such reduction, modification, or termination on such basis, that the domestic industry has made a positive adjustment to import competition." 19 U.S.C. § 2254(b)(1)(B). The President asserted that he had received a petition from the domestic industry requesting the modifications to the safeguard measure, and he found that the domestic industry "has begun to make positive adjustments to import competition." 85 Fed. Reg. at 65,640. The President did not identify or make available the petition to which he referred. *See id.*

30.  The *Invenergy* plaintiffs sought to incorporate Proclamation 10101 in their ongoing litigation and to benefit from the CIT's previously issued preliminary injunction enjoining USTR from withdrawing the bifacial exclusion. *See Invenergy Renewables LLC v. United States*, 482 F. Supp. 3d 1344, 1351 (Ct. Int'l Trade 2020) ("*Invenergy V*"). The CIT denied both requests, finding that plaintiffs' Proclamation 10101 claims "involve{} actions undertaken by the President, a party not implicated in Plaintiffs' complaints or supplemental complaints {in the *Invenergy* litigation} and seek relief against the President not contemplated by Plaintiffs' prior pleadings." *Id.* at 1353.

In short, the CIT found that the "core issues are different." *Id.* Thereafter, SEIA and other solar industry plaintiffs initiated a new challenge against Proclamation 10101 in *SEIA v. United States*. Complaint, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Dec. 29, 2020), ECF No. 2.

### E. The CIT's Opinion and Order in *SEIA v. United States* Declaring Proclamation 10101 "null and void"

31. The *SEIA* plaintiffs challenged Proclamation 10101 as unlawful for three reasons: (1) Proclamation 10101 violates Section 204(b)(1)(B) of the Trade Act because the President (a) did not receive the petition from a majority of the representatives of the domestic industry required by the statute before action can be taken pursuant to Section 204(b)(1)(B), (b) failed to make the finding required by Section 204(b)(1)(B) – that "the domestic industry has made a positive adjustment to import competition" – in order to modify a safeguard measure, and (c) unlawfully utilized Section 204(b)(1)(B) to increase, rather than decrease, trade restrictions; (2) Proclamation 10101 violates Section 203(e)(7)(A) of the Trade Act because it reimposed safeguard duties on bifacial modules less than two years after such duties were lifted by the exclusion granted in June 2019; and (3) Proclamation 10101 violates Section 201(a) of the Trade Act because the President failed to weigh the costs and benefits of withdrawing the exclusion for bifacial modules and increasing the safeguard duty rate during the fourth year of the measure. *See* Complaint, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Dec. 29, 2020), ECF No. 2. The *SEIA* plaintiffs sought both a declaratory judgment that Proclamation 10101 is unlawful and an injunction against its enforcement. *Id.* Certain *SEIA* plaintiffs who had been importers of record with regard to entries on which safeguard tariffs were unlawfully collected requested refunds, with interest, of all increased safeguard duties collected from them pursuant to Proclamation 10101. *Id.*

32. The Court agreed with the *SEIA* plaintiffs that Proclamation 10101 violated Section 204(b)(1)(B) because it restricts, rather than liberalizes, trade. 1/ The CIT held that interpreting Section 204(b)(1)(B) to permit both trade-restricting and trade-liberalizing modifications would run counter to the detailed statutory scheme. *SEIA v. United States*, 553 F. Supp. 3d 1322, 1342 (Ct. Int'l Trade 2021). Specifically, the CIT observed:

> There is no indication in the statute that Congress intended Section 204 to provide a loophole for the institution of harsher safeguards without the standard procedural restrictions. Conversely, there is every indication that the section was intended to provide an escape hatch from those safeguards where domestic industry has adequately adapted to import competition.

*Id.* at 30. Accordingly, the CIT concluded that Section 204(b)(1)(B) must be read to authorize only trade-liberalizing modifications to existing safeguard measures because interpreting the statute to permit trade-restricting modifications would undermine the broader statutory scheme. *Id.* (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

33. The CIT thus held that Proclamation 10101's withdrawal of the bifacial module exclusion and its increase of the safeguard duties on CSPV modules constituted both a "clear misconstruction of the governing statute" and an "action outside the President's delegated authority." *Id.* at 1343 (quoting *Maple Leaf Fish Co.*, 762 F.2d at 89). Accordingly, the CIT entered judgment in favor of the *SEIA* plaintiffs, and ordered the refund to the *SEIA* plaintiffs of

---

1/ The CIT also considered certain other challenges to Proclamation 10101 levied by the *SEIA* plaintiffs. *See, e.g.*, *SEIA v. United States*, 553 F. Supp. 3d 1322, 1327 (Ct. Int'l Trade 2021).

"all safeguard duties collected pursuant to Proclamation 10101, with interest." *Id.* at 1343-44 (underline in original).

34. On December 2, 2021, following the CIT's ruling in *SEIA v. United States*, CBP issued an administrative message, CSMS #50263965, stating that the "functionality for the acceptance of solar cells (over quota only) and modules at the 15 percent duty rate . . . was available in the Automated Commercial Environment (ACE) as of 7 am eastern standard time, November 16, 2021." Exhibit B, CSMS #50263965, "Guidance: Section 201 Bifacial Solar Panels Court Order on Presidential Proclamation 10101" (Dec. 2, 2021).

35. The unlawful safeguard duties imposed by reason of Proclamation 10101 and collected by CBP from Canadian Solar effective October 25, 2020 through November 16, 2021 are substantial and impose a financial burden on Canadian Solar as the importer of record who paid these duties.

## STATEMENT OF CLAIM

36. Canadian Solar hereby incorporates by reference paragraphs 1 through 35 of this Complaint.

37. For the reasons set forth in this Complaint, Canadian Solar was unlawfully required to pay additional safeguard duties pursuant to Proclamation 10101, including (a) safeguard duties on entries of bifacial modules effective October 25, 2020 through November 16, 2021, and (b) increased safeguard duties (i.e., 18 percent *ad valorem* instead of 15 percent *ad valorem*) on entries of monofacial modules effective February 7, 2021 through November 16, 2021.

38. The CIT found that "{b}ecause Section 204(b)(1)(B) permits only trade-liberalizing modifications to existing safeguard measures," Proclamation 10101 "clearly misconstrued the reach of Section 204(b)(1)(B) of the Trade Act, and thus constituted an action

outside the President's delegated authority." *SEIA v. United States*, 553 F. Supp. 3d at 1343. Accordingly, the CIT has declared Proclamation 10101 "null and void." *See* Judgment, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Nov. 16, 2021), ECF. No. 44. This Court should find that the CIT's decision and holding therein are decisive as to Canadian Solar because Proclamation 10101 is invalid and contrary to law.

39. Defendants have collected safeguard duties from Canadian Solar without legal authority because Proclamation 10101 is "null and void." Consistent with this Court's judgment in *SEIA v. United States*, CBP should be ordered to issue "refund{s} with interest {of} all increased safeguard duties heretofore collected under Proclamation 10101" from Canadian Solar. Judgment, *SEIA v. United States*, No. 20-3941 (Ct. Int'l Trade Nov. 16, 2021), ECF. No. 44 (underline in original).

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Canadian Solar respectfully prays that this Court:

(1) **Hold and declare** that Proclamation 10101, as applied to Canadian Solar, is contrary to the laws of the United States and is null and void;

(2) **Order** Defendants to promptly refund, with interest, all increased safeguard duties collected from Canadian Solar under Proclamation 10101, including (a) safeguard duties on entries of bifacial modules effective October 25, 2020 through November 16, 2021, and (b) increased safeguard duties (i.e., 18 percent *ad valorem* instead of 15 percent *ad valorem*) on entries of monofacial modules effective February 7, 2021 through November 16, 2021;

(3) **Order** that any entries affected by this litigation that may have been liquidated with the assessment of additional duties provided for in Proclamation 10101 shall be reliquidated

without the assessment of such duties and with the refund, with interest, of any such duties that were paid or collected; and

(4) **Grant** Canadian Solar such further and additional relief as this Court may deem just and proper.

                                                           Respectfully submitted,

/s/ Jonathan T. Stoel
Jonathan T. Stoel
Craig A. Lewis
Michael G. Jacobson
Lindsay K. Brown
Molly B. Newell

HOGAN LOVELLS US, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634

*Counsel to Plaintiff Canadian Solar (USA) Inc.*

Dated: October 7, 2022

## CERTIFICATE OF SERVICE

### *Canadian Solar (USA) Inc. v. United States et al.*
### Court No. 22-00295

I, Jonathan T. Stoel, certify that a copy of the Summons, Complaint, Form 5 Information Statement, Form 11 Notice of Appearance, and Form 13 Disclosure Statement was served on the following parties, via CERTIFIED MAIL, RETURN RECEIPT REQUESTED, or REGISTERED MAIL, RETURN RECEIPT REQUESTED, and by email as indicated on October 7, 2022:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278
Email: civil.itcfoecf@usdoj.gov

Attorney-In-Charge
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229
Email: cbpserviceintake@cbp.dhs.gov

  /s/ Jonathan T. Stoel
Jonathan T. Stoel

**HOGAN LOVELLS US LLP**